**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**THOMAS R. MANION,**

    **Plaintiff,**

**v.**                                                                                   **3:06cv9/MCR/MD**

**GENERAL ELECTRIC COMPANY,**

    **Defendant.**
_____/

## O R D E R

This case arises from an injury the Plaintiff, Thomas R. Manion, sustained when his free-standing range tipped forward, causing hot liquid to spill on him. Plaintiff has brought a one-count complaint alleging that the Defendant, General Electric Company ("GE"), the manufacturer of the range, negligently failed to warn Manion that his range could tip over.[1] Pending before the court is defendant's Motion for Summary Judgment, to which plaintiff has responded. For the reasons that follow, defendant's motion is GRANTED.

**Background**[2]

Manion purchased a new home located at 1037 Meyer Way in Pensacola from Adams Homes of Northwest Florida, Inc., ("Adams Homes") in February 2000, and moved into the home the following month. Before Manion moved into the home, Adams Homes hired a subcontractor, Davy Sanders, to install a new GE free-standing range ("the range")

---

[1] This case was originally filed in the Circuit Court in and for Escambia County (Case No. 2005-CA-001933). GE removed the case to this court on the basis of diversity jurisdiction. See 28 U.S.C. §§ 1332, 1441, 1446.

[2] The background section of this order is adopted substantially from the defendant's "Statement of Material Facts to Which There Is No Genuine Issue." Plaintiff did not file and serve a "separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried" as required by this court's local rules. See N.D. Fla. Loc. R. 56.1(A). All the material facts set forth in the defendant's statement of undisputed facts, therefore, are deemed admitted by the plaintiff. Id.

in Manion's kitchen. The range was manufactured by GE in 1999 and shipped to Adams Homes on December 29, 1999. After the range was initially installed, however, it had to be moved and reinstalled when it was discovered that the original linoleum floor covering in Manion's kitchen was the wrong color and had to be replaced.[3]

On October 12, 2001, Manion was heating pasta sauce in a pot located on the right front surface burner on the top of the range. While the pasta sauce was cooking, he decided to wipe off the inside of the oven. Sitting on a chair at the right-hand corner of the open oven door, Manion leaned his right leg on the right side of the door and his left leg on the leading edge of the door and reached inside the oven. This action caused the range to tip forward, spilling the pot of hot pasta sauce on Manion's back, leg, and foot.

All free-standing ranges can tip forward if enough weight is applied to an open oven door. To prevent ranges from tipping, GE includes an "anti-tip" bracket with every range, instructions on how to properly install the bracket, and four installation screws.[4] If the bracket is properly installed and the range properly engaged in it, the range will not tip over.[5] GE also includes a number of warnings with every range to warn users of the danger of range tipping: (1) warnings and instructions regarding the installation of the anti-tip bracket; (2) a pamphlet published by the Association of Home Appliance Manufacturers entitled "Do Your PART: Protect Against Range Tipping;" (3) a warning label on the back of the range directed to the range installer; (4) a warning label on the inside of the oven door directed to range users; and (5) an owner's manual containing warnings and instructions regarding the danger of range tipping and the existence of and need to install the anti-tip bracket.

At the time of the accident in this case, Manion was in possession of the owner's

---

[3] While it is presumed that the range was moved and then later reinstalled after the floor covering was replaced, none of the individuals involved have admitted to reinstalling the range.

[4] The record also includes references to the anti-tip bracket as the "anti-tip device." For consistency purposes, this order will refer to the device as the "anti-tip bracket."

[5] Greg Miller, GE's designated representative, testified in his deposition that GE ensures that a range properly secured to the anti-tip bracket can support greater than two hundred and fifty pounds placed on an open oven door without tipping.

manual that accompanied the range. He received the manual when he moved into the house, but never read it, instead putting it in a filing cabinet in another room with a number of other manuals. At the time of his accident, Manion also had never seen the warning label on the back of his range and had never noticed the warning label on the inside of the oven door.[6]

After Manion's accident, it was determined that the anti-tip bracket on his range had been improperly installed. The leveling leg of the bracket, which helps secure the bracket to the floor, was resting on top of the bracket, instead of being properly positioned.[7] Further, Manion's bracket was only secured with two nails of different lengths through the bracket into the wall behind the range, as opposed to two screws through the bracket into the wall and two screws through the bracket into the floor, which is what GE recommends.[8]

**Legal Standards**

    **A. Summary Judgment**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "The mere existence of *some* alleged factual dispute between the parties," however, "will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986) (emphasis in original). A dispute about a material fact is "genuine" "if the evidence is such that a

---

[6] The evidence does not reflect whether Manion saw the warnings in the anti-tip bracket installation instructions or the "Do your PART" pamphlet.

[7] Even if the rest of the anti-tip bracket had been properly installed, if the leveling leg was improperly positioned, this would not have prevented the range from tipping.

[8] Manion also filed an action against Adams Homes and Davey Sanders in the Circuit Court in and for Escambia County (Case No. 2003-CA-586) arising out of these same facts. Gene's Floor Covering, Inc., the contractor responsible for replacing the original linoleum floor covering, was later named as a third-party defendant.

reasonable jury could return a verdict for the nonmoving party." Id.  A fact is "material" if it may affect the outcome of the case under the applicable substantive law.  See id.

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the moving party's pleadings.  Instead, the nonmoving party must respond by affidavits or otherwise and present specific allegations showing that there is a genuine issue of disputed fact for trial.  Fed. R. Civ. P. 56(e).  When assessing the sufficiency of the evidence, the court must view all the evidence, and all factual inferences reasonably drawn therefrom, in the light most favorable to the nonmoving party.  See Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993).  A mere scintilla of evidence in support of the nonmoving party's position will not suffice to demonstrate a genuine issue of material fact and thereby preclude summary judgment.  See Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the nonmoving party.

**B.  Negligent Failure to Warn**

To succeed on a claim for negligent failure to warn, a plaintiff must prove that the defendant had the duty to warn the plaintiff, the defendant negligently breached this duty, and the defendant's negligence was a proximate cause of the plaintiff's injuries.  See Stanley Industries, Inc., v. W.M. Barr & Co., Inc., 784 F.Supp. 1570, 1573 (S.D.Fla. 1992) (citing E.R. Squibb & Sons, Inc. v. Cox, 477 So.2d 963, 969 n.3 (Ala. 1985)); Brewer v. Stop Kick, Ltd., 2005 WL 2562594, *3 (M.D.Fla. 2005) (unpublished) (citing Lopez v. Southern Coatings, Inc., 580 So.2d 864, 865 (Fla. 3 DCA 1991)); Ferayorni v. Hyundai Motor Co., 711 So.2d 1167, 1172 (Fla. 4th DCA 1998) (quoting Anderson v. Owens-Corning Fiberglas Corp., 810 P.2d 549, 558-559 (Cal. 1991)).  A manufacturer has the duty to warn consumers and potential users of its product of the foreseeable risks associated with the use of the product which were known or reasonably should have been known to the manufacturer.  See Stanley Industries, Inc., 784 F.Supp. at 1574 (citing Advance Chemical Co. v. Harter, 478 So.2d 444, 447 (Fla. 1st DCA 1985)).  As part of this

duty, manufacturers must "convey to the users of that product a fair and adequate warning of the dangerous potentialities of the product[] so that the user, by the exercise of reasonable care, will have fair and adequate notice of the possible consequences of the product's use or misuse." Id. (citing Johns-Manville Sales Corp. v. Janssens, 463 So.2d 242, 248-49 (Fla. 1st DCA 1984)).

A manufacturer having a duty to warn can be negligent in this duty if the warnings on the manufacturer's product are inadequate. See Stanley Industries, Inc., 784 F.Supp. at 1574. The determination of whether a defendant's method of warning is adequate depends on the balancing of a number of considerations including, among other factors, "the dangerous nature of the product, the form in which it is used, the intensity and form of the warnings given, the burdens to be imposed by requiring warnings, and the likelihood that the particular warning will be adequately communicated to those who will foreseeably use the product." Sowell v. American Cyanamid Co., 888 F.2d 802, 804 (11th Cir. 1989) (internal quotation marks omitted) (quoting Dougherty v. Hooker Chemical Corp., 540 F.2d 174, 179 (3d Cir. 1976)). An adequate warning "should contain some wording directed to the significant dangers arising from failure to use the product in the prescribed manner, such as the risk of serious injury or death." Brito v. County of Palm Beach, 753 So.2d 109, 112 (Fla. 4th DCA 1998) (citing Brown v. Glade and Grove Supply, Inc., 647 So.2d 1033, 1035 (Fla. 4th DCA 1994)). Further, the warning "must make apparent the potential harmful consequences. The warning should be of such intensity as to cause a reasonable man to exercise for his own safety caution commensurate with the potential danger." Scheman-Gonzalez v. Saber Manufacturing Co., 816 So.2d 1133, 1139 (Fla. 4th DCA 2002) (internal quotation marks omitted) (quoting American Cyanamid Co. v. Roy, 466 So.2d 1079, 1082 (Fla. 4th DCA 1984)).

Even where the content of a warning is adequate, however, the manufacturer may still be negligent if the placement and presentation of the warning was inadequate. See Brown, 647 So.2d at 1035 (citing Salozzo v. Wagner Spray Tech Corp., 578 So.2d 393 (Fla. 3d DCA 1991)) ("A warning may be defective not only by virtue of inadequate wording, but as a result of its location and the manner in which the warning is conveyed.").

Therefore, in addition to having adequate content, a warning must also be "communicated by means of positioning, lettering, coloring, and language that will convey to the typical user of average intelligence the information necessary to permit the user to avoid the risk and to use the product safely." Stanley Industries, Inc., 784 F.Supp. at 1575 (emphasis omitted) (citing M. Stuart Madden, The Duty to Warn in Products Liability: Contours and Criticism, 89 W.Va.L.Rev. 221, 234 (1987)). The issue of the adequacy of a warning is normally an issue for the trier of fact to determine. See Hayes v. Spartan Chem. Co., Inc., 622 So.2d 1352, 1354 (Fla 2d DCA 1993). The adequacy of a warning, however, can become a question of law for the court when the "warning is 'accurate, clear, and unambiguous.'" Id. (quoting Felix v. Hoffman-LaRoche, Inc., 540 So.2d 102 (Fla. 1989) aff'd 540 So.2d 102, 105 (Fla. 1989); Adams v. G.D. Searle & Co., 576, So.2d 728 (Fla. 2d DCA 1991)). Before summary judgment can be entered in a defendant's favor on the adequacy of a warning, the defendant must show that "it is inconceivable that reasonable persons could disagree" as to the warning's adequacy. Felix, 513 So.2d at 1320.

A manufacturer having a duty to warn who has negligently breached this duty by failing to provide an adequate warning will not be liable if the inadequacy of the warning was not a proximate cause of the plaintiff's injuries. Stanley Industries, Inc., 784 F.Supp. at 1573. The plaintiff must show that had the manufacturer "supplied an adequate warning," the plaintiff would "have changed his behavior so as to avoid injury." Id. (citing Madden, supra, at 270). If the defendant can show, therefore, that "even an adequate warning would not have altered the particular plaintiff's course of conduct" then proximate cause will not exist. Id. (citing Madden, supra, at 272). "Ordinarily, the issue of proximate causation is one for the jury, unless the issue is so clear that reasonable people could not differ." Brito, 753 So.2d at 113 (citing Blaw-Knox Food & Chem. Equip. Corp. v. Holmes, 348 So.2d 604, 606 (Fla. 4th DCA 1977)). If a plaintiff does not read the allegedly inadequate warning label, however, the inadequacy of the warning cannot as a matter of law be a proximate cause of that plaintiff's injuries. See Lopez, 580 So.2d at 865 (citing Ashby v. Division of Consolidated Aluminum Corp., 458 So.2d 335, 337 (Fla. 3d DCA 1984)). There is an exception to this rule, however, when the plaintiff is unable to read the

warning because of a language barrier or because improper placement of the label prevented the plaintiff from reading the warning.  See Stanley Industries, Inc., 784 F.Supp. at 1573 (citing Cox, 477 So.2d at 971) (failure to include warnings in Spanish); Cox, 477 So.2d at 970 (citing Hubbard-Hall Chemical Co. v. Silverman, 340 F.2d 402 (1st Cir. 1965) (failure to include symbols); Spruill v. Boyle-Midway, Inc., 308 F.2d 79, 87 (4th Cir. 1962) (failure to adequately attract users' attention to the warning)).

**Discussion**

Manion's complaint alleges that GE's range was potentially dangerous because the range could tip and cause injury if the anti-tip bracket was not installed or improperly installed.  Further, he alleges that it was reasonably foreseeable to GE that at some point in the life of a range the anti-tip bracket might be improperly installed or a range improperly secured to the bracket.  Manion argues, therefore, that GE had the duty to warn potential users that its ranges could tip over if not properly secured and thus users should check to ensure that the anti-tip bracket had been properly installed and the range properly secured to the bracket.  Manion maintains that GE was negligent in this duty because the warnings on its ranges failed to adequately warn users of this danger.  Finally, Manion alleges that the inadequacy of the warnings was partly the cause of his injuries.  In its motion, GE argues that summary judgment is appropriate because based on the undisputed facts its warnings were either adequate as a matter of law or, if the warnings were inadequate, the inadequacy of the warnings was not a proximate cause of Manion's injuries.  In response, Manion argues that summary judgment is not appropriate because a jury could reasonably find from the evidence that the warnings were inadequate and that this inadequacy was a proximate cause of Manion's injuries.

    **A.  Content of the Warnings**

GE included warnings addressing the danger of range tipping from improper installation of the anti-tip bracket in several places: (1) the anti-tip bracket installation instructions, (2) in the "Do Your PART" pamphlet, (3) on the back of the range, (4) on the inside of the oven door, and (5) in the owner's manual.  The content of each of these warnings was similar and informed the user of the possibility that the range could tip over

and that injury could result if the anti-tip bracket was not properly installed.  Each warning also contained pictures depicting some of the possible causes of range tipping (including stepping or sitting on the open oven door) and the potential consequences of range tipping, including that involved in this case, namely a pot of hot liquid on one of the range's surface burners spilling and causing injury.  Further, each warning either instructed that the anti-tip bracket be installed or cautioned users to verify that the anti-tip bracket was in place.  GE included all five warnings with Manion's range.

On review of the warnings in this case, the court concludes that the content of the warnings was adequate as a matter of law to warn Manion of the danger of range tipping because reasonable persons could not disagree that the warnings were accurate, clear, and unambiguous.  See Hayes, 622 So.2d at 1354 (quoting Felix, 540 So.2d 102; Adams, 576, So.2d 728).  The "warnings advised consumers in plain language of the dangers and the potentially tragic consequences" of placing weight on an open oven door.  See Pinchinat v. Graco Children's Products, Inc., 390 F.Supp.2d 1141, 1147 (M.D.Fla. 2005).  Further, "[t]he warnings gave specific instructions" concerning the need to properly install the anti-tip bracket and to verify that the anti-tip bracket was properly installed and the range engaged in the bracket.  See id.  Finally, the warnings pictorially depicted precisely what could happen if a range tipped forward and thus were of sufficient intensity to "cause a reasonable man to exercise for his own safety caution commensurate with the potential danger."  See Scheman-Gonzalez, 816 So.2d at 1139.

### B. Placement and Presentation of the Warnings

Based on its review of the warnings, the court also finds that, as a matter of law, the placement of GE's warnings was adequate to warn users, including Manion, of the danger of range tipping.  GE included five separate warnings with Manion's range concerning range tipping.  Two of these warnings were on the range itself: a warning on the back of the range directed to installers and a warning on the left of the inside of the oven door directed to users.  The other three warnings were placed in documents accompanying the range: the anti-tip bracket installation instructions, the "Do Your PART" pamphlet, and the owner's manual.  GE's warnings were "placed in conspicuous locations in the owner's

manual and on the product." See Pinchinat, 390 F.Supp.2d at 1147.  The warning in the owner's manual was on page four of the manual and was the first safety warning.[9]  See id. (finding the placement of warnings in an owner's manual adequate in part because the warnings were "prominently placed at the beginning of the owner's manual").  Notably, nothing prevented Manion from reading the owner's manual and in fact Manion received the manual when he moved into the house.  Instead of reading it, however, Manion placed the manual in a filing cabinet.  Even a cursory review of the first few pages of the manual would have disclosed the danger of range tipping.  Further, the warning on the inside of the oven door is placed so as to be clearly visible to a user whenever the oven door is open. In addition, Greg Miller, GE's designated representative, testified in his deposition that GE's warnings complied with the Underwriters Laboratories (UL) standard and even exceeded the UL standard by having an on-product warning label.[10]  Finally, GE's expert witness, Nathan Dorris, Ph.D., stated in his affidavit that the location of the warnings was appropriate.

The court further finds that the presentation of the warnings was adequate to attract a user's attention.  Each warning had "Warning" printed in large, bold type next to a caution sign and contained prominent pictures depicting ranges tipping over and hot liquids spilling as a result.  Further, some of the warnings also used color and contrast to attract attention. The "Do Your PART" pamphlet had a bright red front cover.  The warning label on the back of Manion's range was bright orange with black lettering set against the back of the range's silver surface.  The warning label on the left of the inside of the oven door was metallic silver with black lettering set against the oven door's black surface.  Even plaintiff's own expert witness, Marc Resnick, Ph.D., testified that the contrast of the warning label on the inside of the oven door was sufficient to attract a user's attention.  Finally, Dr. Dorris stated

---

[9] The owner's manual also contains a warning about range tipping in the section detailing how to properly install the range.

[10] "Underwriters Laboratories is a private nonprofit corporation that establishes standards and specifications for products in a wide variety of industries." Brodsky v. Mile High Equipment Co., 69 Fed.Appx. 53, *1 n.1 (3d Cir. 2003) (unpublished opinion) (internal quotation marks omitted) (quoting Sessions Tank Liners, Inc. v. Joor Mfg., Inc., 827 F.2d 458, 467 (9th Cir. 1987)).

in his affidavit that the format of the warnings was appropriate.

Against this evidence, Manion has presented nothing to create an issue of material fact on the question of whether the placement and presentation of the warnings were adequate. Instead, he advances a number of unpersuasive arguments based on inadmissible or insufficiently probative evidence. Manion argues that the owner's manual should have had a notice on its front cover advising the reader that the manual contained safety warnings. Manion, however, presented no evidence that failing to do so made the manual inadequate, except for the opinion of his counsel, which is insufficient to create a material issue of fact. See United States v. Trainor, 277 F.Supp.2d 1278, 1287-88 (S.D.Fla. 2003) (quoting Bowden v. Wal-Mart Stores, Inc., 124 F.Supp.2d 1228, 1236 (M.D.Ala.2000)). Manion also argues that Dr. Resnick concluded in his report that the warnings were "ineffectively located" and did not "sufficiently contrast with the background." This report, however, has not been admitted as part of the evidentiary record and thus cannot establish an issue of material fact. See Fed. R. Civ. P. 56(c). Further, while plaintiff testified that he never noticed the warning label on the inside of the oven door prior to his accident and that two of his neighbors also had never noticed this warning label in over five years of use, this evidence is insufficiently probative to establish an issue of material fact. There is no evidence about the nature or frequency of Manion's or his neighbors' use of their ovens, whether Manion's neighbors had noticed one of GE's other warnings about range tipping, or how many total users of this range fail to notice any of the warnings GE includes with the range. Finally, although Dr. Resnick testified in his deposition that a warning label on the outside of the oven door would be more easily noticed and that placing warning labels on both sides of the inside of the oven door would help ensure visibility, he never testified that the warning label located on the inside of the door was inadequate or that taken as a whole GE's five warnings were inadequate. On the contrary, Dr. Resnick testified that the contrast of the warning label on the inside of the oven door was sufficient to attract users' attention.

Therefore, based on the court's determination that the content, placement, and presentation of the warnings in this case were adequate as a matter of law to place Manion

on notice of the danger that his range could tip if not properly installed, summary judgment should be granted in favor of the defendant.[11]

Accordingly, it is hereby ordered,

1. Defendant's motion for summary judgment (doc. 34) is GRANTED;
2. Final judgment is entered in favor of the defendant, with taxable costs assessed against plaintiff. Plaintiff shall take nothing by this action. The Clerk of Court is directed to CLOSE this case.
3. Defendant's motion in limine (doc. 46) is DENIED as moot.

**DONE AND ORDERED** on this 31st day of August 2007.

_s/ M. Casey Rodgers_
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[11] As summary judgment is properly granted on the issue of the adequacy of the warnings, the court need not address whether the alleged inadequacy of the warnings was a proximate cause of Manion's injuries.